ORDERED in the Southern District of Florida on 01/22/10



*Raymond B. Ray*
Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:                                    Case No. 09-16624-BKC-RBR

LYDIA KRANZ,                              Chapter 7

Debtor.
_____/

### ORDER DENYING OBJECTION TO CLAIM OF EXEMPTION AND STRIKING NOTICE OF AMENDMENT TO THE LYDIA A. KRANZ REVOCABLE TRUST

THIS MATTER came before the Court for hearing on October 28, 2009, upon the Objection to Claim of Exemption (the "Objection") [D.E. 13] and Notice of Amendment to the Lydia A. Kranz Revocable Trust (the "Notice") [D.E. 28] filed by Trustee Marika Tolz (the "Trustee"), and the response thereto [D.E. 42] filed by Lydia Kranz (the "Debtor"). For the following reasons, the Court will deny the Objection and strike the Notice.

Background and Procedural History

The facts of this case are undisputed. The Debtor is a natural person and is still alive. The Debtor is the grantor, the trustee and the sole beneficiary of the Lydia A. Kranz Revocable Trust dated January 31, 2002 (the "Kranz Revocable Trust"), which has been the fee simple owner of the residence located at 234 Pine Ave., Lauderdale by the Sea, FL 33308 (the 'Residence") since April 2, 2004. The Debtor resides in, and claims the Residence as her homestead pursuant to Article X, Section 4 of the Florida Constitution.

The Debtor filed a voluntary petition for relief (the "Petition") [D.E. 1] under chapter 7 of the Bankruptcy Code on April 10, 2009 (the "Petition Date"). The Debtor claimed the Residence as her exempt homestead on Schedule C. The Debtor received a chapter 7 discharge on July 20, 2009.

The Trustee filed the Objection on May 18, 2009. The Objection argues that the Debtor cannot claim the homestead exemption on the Residence because the Residence is titled in the name of the Kranz Revocable Trust.

The Trustee filed the Notice on June 15, 2009. The Notice states that the Trustee "hereby provides Notice that she has amended the Kranz Trust to eliminate any and all beneficiaries and/or interest holders in the Kranz Trust and hereby substitutes the Bankruptcy Estate of Lydia Kranz...as the sole beneficiary of the Kranz Trust."

## Conclusions of Law

The issue before the Court is whether the Debtor can claim the Residence as exempt under the Florida Constitution when the Residence is titled in the name of the Kranz Revocable Trust.

Article X, Section 4 of the Florida Constitution provides that a homestead owned by a natural person shall be exempt from forced sale. The homestead exemption is to be liberally construed. It is the burden of the individual challenging the exemption to make a strong showing that the debtor is not entitled to the exemption. *See In re Alexander*, 346 B.R. 546, 549 (Bankr. M.D. Fla. 2006) (*citing In re Laing*, 329 B.R. 761, 770 (Bankr. M.D. Fla. 2005)).

The Trustee argues that the Residence is not entitled to the constitutional homestead exemption because it is titled in the name of the Kranz Revocable Trust, and the Kranz Revocable Trust is not a natural person. However, the Florida Constitution has been

interpreted to apply to a variety of interests in land and does not distinguish different types of ownership interests that qualify for exemption. *See Southern Walls Inc. v. Stillwell Corp.*, 810 So. 2d 566 (5th DCA 2002); *Alexander*, 346 B.R. at 550 (*citing In re Ballato*, 318 B.R. 205, 209 (Bankr. M.D. Fla. 2004)).

Specifically, the Fourth District Court of Appeal has held that a residence titled in the name of a revocable trust is entitled to constitutional homestead protection. *Engelke v. Estate of Engelke*, 921 So. 2d 693,696 (Fla. 4th DCA 2006). The *Engelke* court noted that "even though a revocable trust held title to the property, the individuals interest in his residence as a beneficiary of his own revocable trust would entitle him to constitutional homestead protection." *Id.* This decision is in accord with the Florida Supreme Court's decision in *Bessemer Properties v. Gamble*, 158 Fla. 38 (1946) and the other Florida appellate courts that have addressed similar issues. *See, e.g., Callava v. Feinberg*, 864 So.2d 429 (Fla.3rd DCA 2003); *Southern Walls Inc. v. Stillwell Corp.*, 810 So. 2d at 566. On the Petition Date, the Debtor was the Trustee and beneficiary of the Kranz Revocable Trust. Accordingly, the Debtor's interest in the Residence as grantor, trustee and beneficiary of her own revocable trust entitled her to the constitutional homestead protection. *See Engelke*, 921 So. 2d at 696.

The Trustee has cited several cases that support the proposition that powers which a debtor can exercise for its own benefit may become property of the estate and subject to the control of the bankruptcy trustee. *See Askanese v. Livingwell, Inc.*, 45 F3d 103,106 (5th Cir. 1995). However, the bankruptcy estate takes whatever interest the debtor had in property as of the petition date, subject to the same limitations and restrictions on the use of the property that existed prepetition. *In re Roman Catholic Archbishop of Portland Oregon*, 345 B.R. 686, 705 (Bankr. D. Oregon 2006). Under Florida law, an individual's interest in his or her residence, as a beneficiary of his or her own revocable trust, entitles the individual to constitutional

homestead protection.  See *Engelke*, 921 So. 2d at 696.  The Trustee is thus bound by the restrictions of the homestead exemption that existed prepetition under state law and cannot retroactively impair or eliminate the exemption in a beneficial or reversionary interest in the Debtor's homestead that existed on the Petition Date.

In light of the foregoing, it is

**ORDERED** that  the Objection [D.E. 13] is **DENIED** and the Notice [D.E. 28] is **STRICKEN**.

###

Clerk shall furnish copies to:

Susan Lasky, Esq.
John Moffa, Esq.